**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:       Mauricio Nqavarette-Torres v. The State of Texas

Appellate case number:    01-21-00322-CR

Trial court case number:   1540067

Trial court:                       178th District Court of Harris County

Appellant, Mauricio Nqavarette-Torres, timely filed a notice of appeal from the trial court's June 15, 2021 Judgment of Conviction by Jury. Appellant's brief was initially due to be filed by November 17, 2021. *See* TEX. R. APP. P. 38.6(a). However, no brief was filed, and on December 6, 2021, appellant was notified that unless he filed a brief or motion to extend time to file a brief within ten days, the Court would be required to abate the appeal and order the trial court to conduct a hearing to determine whether appellant wishes to prosecute his appeal, and if so, whether his court-appointed counsel had abandoned the appeal. On December 16, 2021, appellant's court-appointed counsel filed a motion for extension of time to file appellant's brief, requesting a thirty-day extension of the deadline for filing appellant's brief. Appellant's request for an extension was granted, making his brief due on or before January 18, 2022.

No brief was filed by the extended deadline. On January 26, 2022, appellant was again notified that if no brief was filed within ten days, the Court would abate the appeal and order the trial court to conduct a hearing to determine whether appellant wishes to prosecute his appeal, and if so, whether his court-appointed counsel had abandoned the appeal. On February 4, 2022, appellant's court-appointed counsel filed a second motion for extension of time, requesting that the deadline for filing appellant's brief be extended by an additional sixty days. Appellant's second request for an extension was granted, making his brief due on or before March 18, 2022.

In the Court's order granting appellant's second request for an extension, appellant was notified that the failure to file a brief by the extended deadline would result in the appeal being abated, and that the Court would direct the trial court to hold a hearing to make findings regarding the reason for the failure to timely file a brief, to determine if counsel has abandoned the appeal, and if so, whether new counsel should be appointed to

represent appellant in his appeal. *See* TEX. R. APP. P. 38.8(b)(2). Appellant has not filed a brief.

Accordingly, we **abate** the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Kyle R. Sampson, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;

(2)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Kyle R. Sampson of his duties as appellant's counsel;

(3)    if good cause exists, enter a written order relieving Kyle R. Sampson of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)    if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5)    make any other findings and recommendations the trial court deems appropriate; and

(6)    enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

It is so ORDERED.

Judge's signature: ____/s/ April Farris____
                          ☑ Acting individually    ☐ Acting for the Court

Date: __June 2, 2022_____